UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

YU HIN CHAN,

                              Plaintiff,                1:25-cv-743
                                                      (ECC/MJK)

v.

ROWAN WILSON, *et al.*,

                              Defendants.

---

Yu Hin Chan, *Plaintiff, pro se*

**Hon. Elizabeth C. Coombe, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

Plaintiff Yu Hin Chan commenced this pro se action on June 11, 2025 by filing a Complaint and paying the statutory filing fee. Complaint (Compl.), Dkt. No. 1. Plaintiff also filed an Emergency Motion for Order to Show Cause for Temporary Restraining Order and Preliminary Injunction. Dkt. No. 2. Upon sua sponte review, the Complaint is dismissed, and Plaintiff's request for preliminary injunctive relief is denied as moot.

**I.    Complaint**

Plaintiff brings this action against Rowan Wilson, Chief Judge of the State of New York; Joseph Zayas, Chief Administrative Judge of the New York State Unified Court System; Genine D. Edwards, Supervising Judge of Kings County Supreme Court, and Joy F. Campanelli, Kings County Supreme Court Judge.

Judge Campanelli is the presiding judge over a state court civil action that was filed against Plaintiff. Compl. at 2; *see also 252685 ST LLC, et al. v. Feifei Gu, et al.*, No. 505280/2024, N.Y.

Sup. Ct. Kings Cty. (the State Court Action).¹  The State Court Action arises from a landlord-tenant dispute involving Plaintiff in Kings County, New York.  NYSCEF Doc. No. 1.  Plaintiff alleges that the State Court Action was brought in "bad faith."  Dkt. No. 1-1 at 2.  Plaintiff further alleges that Judge Campanelli "forged multiple documents and tampered with evidence" in the State Court Action.  Compl. at 2-3.

On April 15, 2025, Judge Campanelli issued an order (the Prefiling Injunction) in the State Court Action "enjoin[ing] and prohibit[ing]" Plaintiff "from instituting any further actions and proceedings in any court in the Unified Court System in the State of New York, without prior approval of the Administrative Judge of the court in which [Plaintiff seeks] to institute an action or proceeding."  Compl. at 3; NYSCEF Doc. No. 269 at 3.  Plaintiff risked adjudication and punishment for "Criminal Contempt" if he violated the Prefiling Injunction.  *Id.*

Plaintiff alleges that Judge Campanelli's conduct in the State Court Action violated his First and Fourteenth Amendment rights.  Compl. at 5-7.  In addition to compensatory damages of two billion dollars, Plaintiff seeks an injunction restraining the named Defendants from enforcing Judge Campanelli's Prefiling Injunction, and a declaratory judgment that Judge Campanelli's orders in the State Court Action are "void" and "unenforceable."  *Id*. at 8.  Finally, Plaintiff requests this Court dismiss the State Court Action.  *Id.*

**II.    Legal Standard**

"District courts have the inherent authority to dismiss a complaint sua sponte as frivolous even where, as here, the plaintiff has paid the required filing fee, if the claims 'lack[ ] an arguable basis either in law or in fact.'"  *Tewari v. Sattler*, No. 23-36-cv, 2024 WL 177445, at *1 (2d Cir.

---

¹ The State Court Action is referenced in the Complaint and is appropriate for judicial notice. *See, e.g., Williams v. N.Y.C. Hous. Auth.*, 816 F. App'x 532, 534 (2d Cir. 2020). All state court docket citations in this opinion are to the State Court Action.

Jan. 17, 2024) (quoting *Pillay v. INS*, 45 F.3d 14, 16 (2d Cir. 1995)).  Although the Second Circuit has "repeatedly warned against dismissing a complaint sua sponte without providing notice and an opportunity to be heard," it has "nevertheless articulated several exceptions where sua sponte dismissal of a fee-paid complaint may be appropriate." *Id.* (citations omitted).  "Most significantly, dismissal without notice is permissible when it is 'unmistakably clear' that the underlying case is frivolous or the court lacks jurisdiction." *Id.* (citations omitted).  Pro se submissions are reviewed with "special solicitude," and "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474–75 (2d Cir. 2006) (cleaned up).

**III.   Discussion**

   **A.   *Younger* Abstention**

Although their jurisdiction is limited, "a federal court's 'obligation' to hear and decide a case is 'virtually unflagging.'" *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 77 (2013) (quoting *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)); *see also Gentes v. Osten*, No. 21-2022, 2022 WL 16984686, at *1 (2d Cir. Nov. 17, 2022) (where a court has subject matter jurisdiction, "it has a virtually unflagging obligation to exercise that jurisdiction"). However, to the extent that Plaintiff seeks injunctive and declaratory relief with respect to the State Court Action, the Court must abstain under the *Younger* abstention doctrine.

In *Younger v. Harris*, 401 U.S. 37 (1971), the United States Supreme Court held that a federal court may not enjoin a pending state criminal proceeding in the absence of special circumstances suggesting bad faith, harassment, or irreparable injury that is both serious and immediate. *See Heicklen v. Morgenthau*, 378 F. App'x 1, 2 (2d Cir. 2010) (quoting *Gibson v. Berryhill*, 411 U.S. 564, 573-74 (1973)).  Because of the court's obligation to exercise its jurisdiction, *Younger* abstention is therefore appropriate in only three categories of state court

3

proceedings: (1) state criminal prosecutions; (2) civil enforcement proceedings that are "akin to criminal prosecutions"; and (3) civil proceedings "that implicate a State's interest in enforcing the orders and judgments of its courts." *Sprint*, 571 U.S. at 72-73.

At least one other court in this Circuit has held that *Younger* abstention is applicable to attempts to enjoin state-court proceedings imposing a similar prefiling injunction. *See Pynn v. Pynn,* No. 24-cv-508, 2024 WL 3647783, at *7 (W.D.N.Y. Aug. 5, 2024) (denying request to "enforce [plaintiff's] right to access" the state court despite that court's order barring her from filing unapproved applications pursuant to *Younger* abstention). Indeed, because Plaintiff's request would require the Court to intervene in "civil proceedings involving certain orders uniquely in furtherance of the state courts' ability to perform their judicial functions," *Falco v. Justs. of the Matrimonial Parts of Supreme Ct. of Suffolk Cnty.,* 805 F.3d 425, 427 (2d Cir. 2015), and because Plaintiff has not shown that "bad faith, harassment, or extraordinary circumstances" nonetheless render injunctive relief appropriate here, *Diamond "D" Const. Corp. v. McGowan,* 282 F.3d 191, 198 (2d Cir. 2002) (quoting *Younger*, 401 U.S. at 54), *Younger* abstention applies, and the Court cannot exercise jurisdiction to enjoin the state court proceedings.

### B. Anti-Injunction Act

Plaintiff's claims for injunctive relief against the Defendants are further barred by the Anti-Injunction Act, 28 U.S.C. § 2283. The Anti-Injunction Act "bars a federal court from enjoining a proceeding in state court unless that action is expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." *Wyly v. Weiss*, 697 F.3d 131, 137 (2d Cir. 2012) (internal quotation marks omitted). This statute "rests on the fundamental constitutional independence of the States and their courts" and accordingly, the Supreme Court has taught that "exceptions [to the Act's directive] should not be enlarged by loose statutory construction." *Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 287

(1970). "Any doubts as to the propriety of a federal injunction . . . should be resolved in favor of permitting the state courts to proceed in an orderly fashion to finally determine the controversy." *Id.* at 297. "Proceedings in state courts[, thus,] should normally be allowed to continue unimpaired by intervention of the lower federal courts, with relief from error, if any, through the state appellate courts and ultimately [the Supreme] Court." *Id.* at 287.

In *Szymonik v. Connecticut*, the Second Circuit addressed similar allegations by a plaintiff seeking an immediate federal injunction prohibiting state court judges from enforcing a leave-to-file sanction. 807 F. App'x 97 (2d Cir. 2020). Because the Second Circuit found that "no federal statute authorizes the federal courts to enjoin the state proceedings, nor would such an injunction be necessary to aid the district court's jurisdiction or to protect or effectuate its prior judgments," it concluded that the challenged state court ruling "should remain in place without interference from the district court because the [Anti-Injunction Act] bars the . . . request for prospective injunctive relief against the state court judges." *Id.* at 100-01. For the same reasons expressed by the Second Circuit in *Szymonik*, Plaintiff's claim for injunctive relief is additionally barred by the Anti-Injunction Act.

    **C.**    **Judicial Immunity**

Dismissal of Plaintiff's Complaint is further appropriate because the Defendants are immune from suit. Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Judges are also immune from civil rights claims for injunctive relief based on actions taken in their judicial capacities, "unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "A court's control of its docket . . . a judicial act because it is part of a court's function of resolving disputes between

parties. *Mireless*, 502 U.S. at 12 (internal quotation marks and alteration omitted). "Even allegations of bad faith or malice cannot overcome judicial immunity." *Id*. (citations omitted). This is because, "[w]ithout insulation from liability, judges would be subject to harassment and intimidation . . . ." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994).

Judicial immunity does not apply when the judge takes action "outside" her judicial capacity, or when the judge takes action that, although judicial in nature, is taken "in absence of jurisdiction." *Mireles*, 502 U.S. at 9-10; *see also Bliven*, 579 F.3d at 209-10 (describing actions that are judicial in nature). But "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978).

Here, Plaintiff fails to allege any facts showing that Judge Campanelli acted beyond the scope of her judicial responsibilities or outside her jurisdiction, even assuming the allegedly intentional nature of her conduct. *See McCluskey v. Roberts,* No. 20-4018, 2022 WL 2046079, at *5 (2d Cir. June 7, 2022) ("The judicial immunity doctrine 'protects judges from civil actions even when they perform judicial acts in excess of their authority, even when such acts are allegedly done maliciously or corruptly'") (quoting *Maestri v. Jutkofsky,* 860 F.2d 50, 52 (2d Cir. 1988)); *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994) ("Judges enjoy absolute immunity from personal liability for acts committed within their judicial jurisdiction . . . . The absolute immunity of a judge applies however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff.") (internal quotation marks and citations omitted)). Furthermore, Judge Campanelli's Prefiling Injunction did not exceed the bounds of her judicial jurisdiction. *See Szymonik v. Connecticut*, No. 3:18-cv-0263, 2019 WL 203117, at *7 (D. Conn. Jan. 15, 2019) (indicating that enforcement of pre-filing injunction is judicial in nature), *aff'd*, 807 F. App'x 97 (2d Cir. 2020); *see also Stampfl v. Eisenpress,* No. 23-cv-5789, 2024 WL 37075, at *5 (S.D.N.Y.

Jan. 3, 2024). Accordingly, Plaintiff's claims for damages against Judge Campanelli are barred by the doctrine of judicial immunity.

With respect to the injunctive relief Plaintiff seeks, he does not allege facts suggesting that a declaratory decree was violated or that declaratory relief was unavailable. Declaratory relief against a judge for actions taken within her judicial capacity is ordinarily available by appealing the judge's order. *See Salem v. Paroli*, 260 B.R. 246, 254 (S.D.N.Y. 2001) (dismissing Section 1983 claim for injunctive relief because declaratory relief was available through appeal in state court); *LeDuc v. Tilley*, No. 3:05-cv-0157, 2005 WL 1475334, at *7 (D. Ct. June 22, 2005) (same). Here, Plaintiff has alleged no facts suggesting that he was unable to appeal the Prefiling Injunction, or any other order issued by Judge Campanelli in the State Court Action. In fact, Plaintiff's co-defendant in the State Court Action appealed the Prefiling Injunction on May 11, 2025. NYSCEF Doc. No. 276. Because Plaintiff has not alleged facts suggesting that the named judicial defendants violated a declaratory decree or that declaratory relief was unavailable, he is not entitled to injunctive relief against them. Accordingly, Plaintiff cannot maintain his action against the named Defendants based on their absolute judicial immunity.

**IV.     Leave to Amend**

District courts generally grant a pro se plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's Complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend. *See Stampfl v. Eisenpress,* 2024 WL 37075, at *6 (denying leave to amend as futile in light of dismissal based, in part, on *Younger* abstention and defendants' absolute immunity from suit); *Walker v. Jolly*, No. 23-cv-1430, 2023 WL 3304546, at *8 (S.D.N.Y. May 5, 2023) (same); *see also Tewari v. Sattler*, 2024 WL 177445, at *2 ("[B]ecause

7

it is 'unmistakably clear" based on the allegations in the complaint that judicial immunity applies in this particular case and that the claims are thus legally frivolous, the district court was not required to provide [Plaintiff] with notice and an opportunity to be heard prior to [sua sponte] dismissal.") (citation omitted).

## VI. Conclusion

For these reasons, it is hereby

    **ORDERED** that Plaintiff's Complaint, Dkt. No. 1, is **DISMISSED** sua sponte without prejudice and without leave to amend as frivolous; and it is further

    **ORDERED** that Plaintiff's motion for a temporary restraining order and/or preliminary injunction, Dkt. No. 2, is **DENIED** as moot; and it is further

    **ORDERED** that the Clerk of the Court is directed to enter judgment accordingly and close this action.

Dated: July 1, 2025

Elizabeth C. Coombe
U.S. District Judge