**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

YU HIN CHAN,

                                        Plaintiff,                          1:25-cv-743
                                                                                  (ECC/MJK)
v.

ROWAN WILSON, *et al.*,

                                        Defendants.

---

Yu Hin Chan, *Plaintiff, pro se*

**Hon. Elizabeth C. Coombe, United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

Presently before the Court is the *pro se* Plaintiff's motion "for an order to vacate" the dismissal of his Complaint, Dkt. Nos. 18, 19, and motion requesting to proceed *in forma pauperis* (IFP) on appeal, Dkt. No. 16. As explained below, Plaintiff's motions are denied.

**I.     Background**

The Court assumes the parties' familiarity with the facts and the record of the prior proceedings, and will summarize the facts only to the extent necessary to decide the Plaintiff's motions.

On June 11, 2025, Plaintiff filed this civil action against various state-court judges, alleging the violation of his constitutional rights in conjunction with an ongoing state-court civil action in which Plaintiff is a named defendant. *See generally* Dkt. No. 1. In addition to monetary damages, Plaintiff sought declaratory and injunctive relief. *Id.* at 8-9. On July 1, 2025, the Court dismissed Plaintiff's Complaint sua sponte as frivolous. Dkt. No. 9. Specifically, the Court found that *Younger* abstention applied to bar Plaintiff's attempt to enjoin the state-court civil action, including the pre-filing injunction order issued by Defendant Campanelli; the Anti-Injunction Act barred the

Court from issuing an injunction prohibiting the state-court judges from enforcing the pre-filing injunction in state court; and that the state-court-judge Defendants were immune from Plaintiff's suit due to their absolute immunity from suit. Dkt. No. 9 at 3-7. The Clerk of the Court subsequently entered a judgment dismissing the case in its entirety. Dkt. No. 10.

On July 14, 2025, Plaintiff filed the following submissions with the Court: (1) Notice of Appeal to the Second Circuit from the Court's order dismissing the Complaint, Dkt. No. 15; (2) motion for leave to proceed IFP on appeal, Dkt. No. 16; and (3) motion "to vacate dismissal," Dkt. Nos. 18, 19.

## II.    Motion to Vacate

Although Plaintiff filed a Notice of Appeal, the motion to vacate is properly before this Court. "The filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Gaines v. Astrazeneca Pharm.*, No. 21-cv-5323, 2025 WL 821056, at *1 (S.D.N.Y. Feb. 25, 2025) (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)). "Where a litigant files a motion under Rule 60(b) . . . within 28 days after judgment, Fed. R. App. P. 4(a)(4)(A)(vi), a notice of appeal does not take effect until after the district court addresses the motion, Fed. R. App. P. 4(a)(4)(B)(i)." *Id.* Here, because the Plaintiff's Rule 60 motion to vacate was filed less than 28 days after the Clerk's entry of judgment, the Court retains jurisdiction to decide Plaintiff's motion to vacate. *See, e.g., Johnson v. Mount Sinai Hosp. Grp., Inc.,* No. 22-cv-2936, 2023 WL 3159233, at *2 (E.D.N.Y. Apr. 28, 2023) (retaining jurisdiction to decide Rule 60 post-judgment motion notwithstanding filing of notice of appeal, pursuant to the Federal Rules of Appellate Procedure).

Rule 60(b) of the Federal Rules of Civil Procedure sets forth six grounds upon which relief from a judgment or order may be granted: (1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; or (6) for any other reason that justifies relief. Fed. R. Civ. P. 60(b). "Rule 60(b) was intended to preserve the delicate balance between the sanctity of final judgments and the incessant command of the court's conscience that justice be done in light of all the facts." *Esposito v. New York*, No. 07-cv-11612, 2010 WL 4261396, at *1 (S.D.N.Y. Oct. 25, 2010) (citation omitted).   Rule 60(b) of the Federal Rules of Civil Procedure provides "extraordinary judicial relief" which should be granted "only upon a showing of exceptional circumstances." *Barton v. Troy Annual Conf.*, No. 09-cv-0063 (TJM), 2011 WL 5325623, at *2 (N.D.N.Y. Nov. 3, 2011) (citing *Nemaizer v. Baker,* 793 F.2d 58, 61 (2d Cir. 1986)).  "It may not be used as a substitute for an appeal, and a claim based on legal error alone is inadequate." *Mosquera v. Graham*, No. 9:19-cv-0442 (GTS/ATB), 2020 WL 1923237, at *1 (N.D.N.Y. Apr. 21, 2020) (citing *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260 (2010) and *United Airlines*, Inc. v. Brien, 588 F.3d 158, 176 (2d Cir. 2009)).

The decision whether to afford relief rests with the "sound discretion of the district court." *Garcia v. Myears*, No. 13-cv-0965, 2015 WL 1015425, at *2 (W.D.N.Y. March 9, 2015) (quoting *Nemaizer*, 793 F.2d at 61). "Generally, courts require that the evidence in support of the motion to vacate a final judgment be 'highly convincing,' that a party show good cause for the failure to act sooner, and that no undue hardship be imposed on other parties." *Kotlicky v. U.S. Fid. & Guar. Co.*, 817 F.2d 6, 9 (2d Cir. 1987) (citation and internal citations omitted).

Here, Plaintiff has failed to satisfy the basic requirements for Rule 60(b) relief. Specifically, Plaintiff fails to address any legal or factual basis for vacatur in his two-sentence affidavit submitted in support of the motion.  At most, Plaintiff's motion can be construed as an attempt to relitigate the merits of his original claims.  Plaintiff, however, may not use a motion to vacate as a vehicle to raise his arguments a second time.  Accordingly, because Plaintiff has not

demonstrated that he is entitled to relief under Rule 60(b), his motion to vacate is denied. *See Pickering-George v. Gazivoda Mgmt. LLC*, No. 22-cv-10397, 2023 WL 1466634, at *1-2 (S.D.N.Y. Feb. 1, 2023) (denying Rule 60(b) motion where the plaintiff "failed to allege facts demonstrating that any of the grounds listed in the first five clauses of Rule 60(b) applie[d] or that extraordinary circumstances exist[ed] to warrant relief under Rule 60(b)(6)"); *Khalil v. United States*, No. 17-cv-2652, 2018 WL 11466792, at *1-2 (E.D.N.Y. Mar. 29, 2018) (finding that the standards for reconsideration under Rule 59 and Rule 60 were not met where the plaintiff's "sparse letter" did not identify "any controlling decisions or data that the court overlooked" or "provide any legal or factual basis for the Court to reconsider the Order." (internal quotation marks and citation omitted)).

### III.    Motion to Proceed IFP on Appeal

Plaintiff requests to proceed IFP on appeal to the Second Circuit.  A litigant's right to proceed IFP on appeal is governed by 28 U.S.C. § 1915 and Rule 24 of the Federal Rule Appellate Procedure.  As relevant, § 1915 provides that "any court of the United States may authorize commencement . . . of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement" of assets possessed, a statement of the nature of the appeal and the affiant's belief that the litigant is entitled to redress.  28 U.S.C. § 1915(a)(1).  Further, "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."  28 U.S.C. § 1915(a)(3).  Whether an appeal is taken in good faith "requires 'an inquiry into the merits of the appeal rather than the subjective good faith of the plaintiff.'" *Robinson v. Buffalo*, 2017 WL 7731906, at * 1 (W.D.N.Y. Oct. 25, 2017) (quoting *Clay v. New York National Bank*, 2001 WL 277299, at * 1 (S.D.N.Y. Mar. 21, 2001)).

Additionally, pursuant to Rule 24(a)(1),

a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:

> (A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;
>
> (B) claims an entitlement to redress; and
>
> (C) states the issues that the party intends to present on appeal.

Fed. R. App. P. 24(a)(1)(A)-(C).

If the district court grants the motion, the party may proceed on appeal without prepaying or giving security for the filing fees, but if the district court denies the motion, the reasons for the denial must be stated in writing. Fed. R. App. P. 24(a)(2). Generally, a party who was permitted to proceed IFP in the district court action may proceed in forma pauperis on appeal. Fed. R. App. P. 24(a)(3). If, however, the district court denies the request, the party may, within 30 days of the denial, file a motion to proceed on appeal IFP in the court of appeals which motion must include a copy of the affidavit filed in the district court along with the district court's written statement of reasons for the denial. Fed. R. App. P. 24(a)(5).

In this case, Plaintiff did not proceed IFP at the district court level. Moreover, Plaintiff has not shown his inability to pay or to give security for fees and costs in the detail prescribed in Form 4 from the Appendix of Forms, to the extent he has declined to answer numerous questions in the form. *See generally* Dkt. No. 16. Nor has Plaintiff provided a statement of the issues that he intends to present on appeal, other than representing that the "lower court erred in dismissing the Complaint." *Id.* at 1.

Furthermore, the Court finds that an appeal would not be taken in good faith as § 1915(a)(3) requires, but would be frivolous because the relief sought is not available. As set forth in considerable detail in the Court's July 1, 2025 Memorandum-Decision and Order, Plaintiff's federal claims for damages and declaratory/injunctive relief against the state-court-judge

Defendants are barred by *Younger* Abstention, the Anti-Injunction Act, and the Defendants' absolute immunity from suit. Thus, after careful consideration of the record in this action, and for the reasons set forth in the July 1, 2025 Memorandum-Decision and Order, the Court hereby certifies that the appeal is not taken in good faith.

For all of the above reasons, Plaintiff's request to proceed IFP on appeal is denied. *See Dale v. Biegasiewicz,* No. 17-cv-01211F, 2021 WL 2187148, at *4 (W.D.N.Y. May 28, 2021), *aff'd sub nom. Dale v. Raczynski*, No. 21-1602, 2022 WL 4479528 (2d Cir. Sept. 27, 2022) (denying motion to proceed IFP on appeal where Plaintiff did not proceed IFP at the district court level, failed to file the requisite Form 4 from the Appendix of Forms or its equivalent, and the Court determined that the underlying appeal would not be taken in good faith because it was frivolous).

## VI.    Conclusion

For these reasons, it is hereby

**ORDERED** that Plaintiff's motion to vacate, Dkt. Nos. 18, 19, is **DENIED,** and it is further

**ORDERED** that Plaintiff's motion requesting to proceed IFP on appeal, Dkt. No. 16, is **DENIED.**

**IT IS SO ORDERED.**

Dated: August 15, 2025

Elizabeth C. Coombe
U.S. District Judge